12

United States District Court
Southern District of Texas
FILED

JUL 0 2 1999

Michael N. Milby, Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
## - BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| JORGE NAVARRO NAVARRO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-97-103 |
| | § | |
| SGT. GARCIA, DR. JOHN DOE, | § | |
| AND NURSE JANE DOE | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jorge Navarro Navarro ("Navarro"), a Texas prisoner, has sued Sgt. Garcia ("Garcia") and two "Doe" defendants claiming that his medical needs were neglected while he was incarcerated in the Cameron County Detention Center. Garcia has filed a Fed.R.Civ.P. 12(b)(6) Motion to Dismiss (Docket No. 6). For the reasons set forth below, this Motion should be granted and Navarro's case should be dismissed.

### FACTUAL BACKGROUND

Navarro claims and for purposes of the 12(b)(6) Motion the court takes as true that he was incarcerated in the Cameron County Detention Center in August 1995. While in jail he developed an ear infection which was treated with antibiotics and pain medication. The gravamen of Navarro's complaint is that the jailer's slow response to his complaints resulted in him suffering permanent injuries. According to Navarro, he was told by Rafael Arredondo M.D. a local specialist to whom he was referred that he had suffered Bell's Palsy. Navarro seeks damages from Garcia, the jailer who is accused of having neglected his medical needs.

## THE 12(b)(6) MOTION

In his 12(b)(6) Motion, Garcia argues that he is entitled to qualified immunity because Navarro has not shown that Garcia engaged in conduct which involved a deprivation of constitutional rights. Garcia also argues that Navarro has failed to state a cause of action under the Eighth and Fourteenth Amendments to the United States Constitution.

Although Garcia's Motion is denominated as having been filed under Fed.R.Civ.P. 12(b)(6), for purposes of this analysis it will be treated as a Motion for Summary Judgment filed pursuant to Fed.R.Civ.P. 56, because medical records attached to the pleadings are being considered. A review of the medical records attached to Garcia's Answer and renewed Motion (Docket No. 11) and Navarro's Complaint (Docket No. 1) shows that there is no genuine issue as to any material fact and that Garcia is entitled to summary judgment *Celotex Corp. Catrett,* 477 U.S. 317, 322 (1986).

## THE FACTS

Navarro's complaint alleges that on or about August 12, 1995, he started to have a headache. He states that he put in a sick call request and was seen by a nurse a few days later. The nurse made arrangements for Navarro to see a doctor. A doctor saw him a few days later and diagnosed an ear infection which was treated with antibiotics and pain relievers. Subsequently, Navarro awoke with symptoms of numbness in the face, inability to close his eye and inability to open his mouth. Several days later, he was diagnosed with Bell's Palsy. He was referred to two specialists and treated.

The medical records attached to Garcia's pleadings show that on July 17, 1995, Navarro went to the infirmary complaining of right ear pain and a headache. Antibiotics were prescribed.

2

On July 20, 1995, Navarro was diagnosed with Bell's Palsy. The records show that over the next several months, Navarro saw two specialists, an otolaryngologist and an optometrist. According to these records, by early 1996, Navarro's Bell's Palsy had almost completely resolved itself. The only residual effect was his inability to close his right eye completely. This condition was being treated with artificial tears prescribed by the optometrist.

## RECOMMENDATION

Inadequate medical care furnished to a prisoner is actionable under 42 U.S.C. § 1983 if it rises to the level of deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 194 (1976).

In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court clarified this standard by stating that prison officials were not liable for the rendition of inadequate medical care unless they ignored an excessive risk to the prisoners health.

A recent Fifth Circuit case, *Stewart v. Murphy*, 174 F.3d 530 (5th Cir. 1999) discusses these standards and makes the distinction between simple negligence and the deliberate indifference standard which applies in prisoner cases.

It is obvious from the most cursory review of Navarro's records that the medical care afforded him at the jail more than exceeded the minimum standards required by the Constitution.

IT IS THEREFORE **RECOMMENDED** that Sgt. Garcia's Motion be **GRANTED** and that Jorge Navarro Navarro's case be **DISMISSED** .

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the

3

CutPDF - www.fasoo.com

unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided
that the party has been served with notice that such consequences will result from a failure to object.
*Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

      DONE at Brownsville, Texas, this 2nd day of July 1999.

John Wm. Black<br>
United States Magistrate Judge

4

ClickPDF - www.fastio.com